<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BELNILDO MARROQUIN et al., | : |
| Plaintiffs, | : Civil Action No. 14-1609 (SRC) |
| v. | : |
|  | : **OPINION & ORDER** |
| 7-ELEVEN, INC. et al., | : |
| Defendants. | : |

<u>**CHESLER**</u>, <u>**U.S.D.J.**</u>

This matter comes before the Court on the motion to dismiss the Second Amended Complaint ("SAC") for failure to state a claim upon which relief may be granted, pursuant to FED. R. CIV. P. 12(b)(6), by Defendant 7-Eleven, Inc. ("7-Eleven.")  For the reasons stated below, the motion to dismiss will be granted.

In short, Defendants move to dismiss on a number of grounds, but the one that succeeds most easily is the failure of the SAC to satisfy the pleading requirements of <u>Iqbal</u> and <u>Twombly</u>. A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  "The defendant bears the burden of showing that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Twombly</u>, 127 S. Ct. at 1964 (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

> Factual allegations must be well-pleaded to give rise to an entitlement to relief: [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The SAC alleges that Plaintiffs were employed by "defendants at their store," but alleges that Defendant Issa was the owner-franchisee of the 7-Eleven store in question. (SAC ¶¶ 3, 4, 8.) The SAC does not allege that 7-Eleven, the franchisor, held any ownership interest in the store. The SAC asserts three claims against all Defendants: 1) failure to pay overtime wages in violation of FLSA, 29 U.S.C. § 207; 2) breach of contract; and 3) unjust enrichment. 7-Eleven contends that the SAC fails to state a valid claim against it because it fails to plead sufficient facts to make plausible an inference that Plaintiffs had an employment relationship with 7-Eleven, the franchisor entity, as opposed to Issa, the franchisee. This is persuasive: the SAC pleads no facts which would make plausible an inference that 7-Eleven employed Plaintiffs. On this basis alone, the SAC should be dismissed without prejudice against Defendant 7-Eleven only.

7-Eleven also argues that Counts II and III of the SAC fail to state valid claims because the

FLSA preempts state common law claims, citing Kronick v. bebe Stores, Inc., 2008 WL 4509610 (D.N.J. September 29, 2008); Moeck v. Gray Supply Corp., 2006 WL 42368 (D.N.J. January 06, 2006); and Shakib v. Back Bay Restaurant Group, Inc., 2011 WL 4594654 (D.N.J. September 30, 2011). These cases, while not controlling authority, persuade this Court that common law claims are covered by the FLSA, are preempted, and are thus barred. The common law claims will be dismissed with prejudice.

For these reasons,

**IT IS** on this 20th day of November, 2014,

**ORDERED** that Defendant's motion to dismiss the Second Amended Complaint (Docket Entry No. 31) is **GRANTED**, and, as to Defendant 7-Eleven only, Count I of the Second Amended Complaint is hereby **DISMISSED** without prejudice, and Counts II and III are **DISMISSED** with prejudice.

      s/ Stanley R. Chesler
      Stanley R. Chesler, U.S.D.J.